IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**JOHNNIE TAYLOR,**

**Defendant.**                                              Case No. 06-cr-30114-DRH

### MEMORANDUM & ORDER

**HERNDON, District Judge:**

### I. Introduction

This matter comes before the Court on Defendant Johnnie Taylor's motion for new trial submitted on July 18, 2007. (Doc. 133.) The Government filed a response in opposition to the Motion on July 20, 2007. (Doc. 134.) Defendant filed a memorandum of law in support of post-trial motion for new trial on August 2, 2007. (Doc. 135.) The Government filed a second response in opposition on August 8, 2007. (Doc. 136.) Having reviewed the motion and all of the briefs in support and in opposition, the Court, in its discretion, has determined that a hearing on Defendant's motion (Doc. 133) is unnecessary. ***See United States v. Hedman*, 655 F.2d 813, 814 (7th Cir. 1981).**

### II. Background

On August 18, 2006, Defendant was indicted for being a felon in

possession of a firearm. There were two trials in the case. The first trial, beginning on June 18, 2007, ended with a deadlocked jury. During that trial, the Government put on two witnesses, Mario Dowell and Mary Weaver, who each gave testimony that they had witnessed Defendant in possession of the firearm. On July 10, 2007, a second jury found Defendant guilty of the charge of being a felon in possession of a firearm. During that trial, the Government put Mario Dowell on the stand. Mary Weaver did not testify.

### III.  Legal Standard

In reviewing a motion for new trial, a court must weigh the evidence and grant a new trial if the evidence "preponderates heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." ***United States v. Reed 875 F.2d 107, 113 (7th Cir. 1989)***.

### IV.  Motion for New Trial

Defendant argues that a new trial should be granted on the following grounds:

**A.  The Government failed to prove Defendant guilty beyond a reasonable doubt.**

**1.  Defendant was not in physical possession of the weapon when arrested.**  The Government responds that the law does not require physical possession of the weapon at the time of arrest. Instead, the Government argues, the law merely requires that the Government prove that the Defendant knowingly possessed the firearm on the date in question. (Doc. 134.) Defendant seems to

concede this point, while still maintaining that it would have been a "drastically" different case had Defendant been found in possession of the weapon. Obviously that is true. But the law supports the jury's guilty verdict, even though Defendant was not arrested while in possession of the gun.

**2. Mario Dowell's testimony was not sufficiently credible to overcome reasonable doubt.** Mario Dowell testified that on September 12, 2005, Defendant asked Dowell to put up a firearm that Defendant had because he and his girlfriend, Mary Weaver, had "got into it." Dowell further testified that he and Defendant walked around to the back of the apartment complex and that Defendant then handed him the firearm, which Dowell subsequently hid in a nearby apartment. Dowell admitted to using a small amount of heroine on September 12, 2005. Defendant argues that there were "pervasive" inconsistencies between Dowell's testimony and prior statements that he had made.

"It is axiomatic that, absent exceptional circumstances, issues of witness credibility are to be decided by the jury, not the trial judge." ***United States v. Kuzniar*, 881 F.2d 466, 470 (7th Cir. 1989).** The Seventh Circuit has held that a court may overturn "a conviction based on a credibility determination only if the witness' testimony was incredible as a matter of law. That is an exacting standard, and can be met, for instance, by showing that 'it would have been physically impossible for the witness to observe what he described, or it was impossible under the laws of nature for those events to have occurred at all.' " ***United States v.***

*Hayes*, **236 F.3d 891, 896 (7th Cir. 2001) (quoting** *United States v. Alcantar*, **83 F.3d 185, 189 (7th Cir.1996))**. "In general, conflicting testimony or a question as to the credibility of a witness are not sufficient grounds for granting a new trial." *Kuzniar*, **881 F.2d at 470.**

If anything, Mario Dowell's testimony is an example of minor inconsistencies rather than glaring impossibilities. As such, the Court will not disturb the credibility determination made by the jury as to the weight to give to Mario Dowell's testimony.

**3. The testimony of Officer Rick Schell and others regarding their arrival times is impossible.** Defendant next contends that the testimony regarding the distance Defendant traveled to hide the gun with Mario Dowell and return to Mary Weaver's apartment, coupled with the time it took for Defendant to speak with Dowell, exceeded the time that Officer Rick Schell and others testified it took them to arrive at the scene. Therefore, Defendant argues, it would have been impossible for Defendant to "accomplish all the tasks necessary to hand the gun to Dowell and get back to the spot where he was seen by Officer Shell." (Doc. 135, p. 2.) However, Defendant does not specifically explain why this would be *impossible*. Furthermore, it is quite possible that the officers might have underestimated the time it took them to arrive at the scene. Again, these credibility determinations are left to the province of the jury. The Defendant has failed to demonstrate how this testimony is truly impossible. The Court will not disturb the jury's verdict on this ground.

**B. The Court Erred in Preventing Defendant from Commenting in His Closing Argument that the Government Did Not Call Mary Weaver**

As discussed above, the Government did not call Mary Weaver as a witness during the second trial. Prior to closing arguments, the Court ruled that Defendant's counsel would not be allowed to discuss during closing arguments the fact that the Government did not call Mary Weaver as a witness.

The Seventh Circuit has held that a party may comment upon another party's failure to call a witness if "1) a party has it peculiarly within its power to produce witnesses 2) whose testimony would elucidate a transaction. . . ." ***United States v. Knox*, 68 F.3d 990, 1000 (7th Cir. 1995) (quoting *United States v. Addo*, 989 F.2d 238, 242 (7th Cir. 1993)**. Parties may wish to comment upon a missing witness under these circumstances because "it creates a presumption that the testimony, if produced, would be unfavorable." ***Id.*** Certainly Mary Weaver's testimony would have been relevant to the issues raised in the case. It was her call to police on September 12, 2005 that triggered the arrest of Defendant. The question then is whether Mary Weaver was peculiarly within the Government's power to produce.

A party may demonstrate that a missing witness is peculiarly within the other party's power to produce by "showing that the witness is only physically available to the other party. Alternatively, the party seeking the instruction can demonstrate that because of the witness' relationship with the opposing party, his or

her testimony is, in pragmatic terms, only available to the other side." ***United States v. Rollins*, 862 F.2d 1282, 1297 (7th Cir. 1998)**.  In this case, Mary Weaver was physically available to both parties.  Defendant may have subpoenaed her if he had wished, but he chose not to.  Defendant argues that Weaver's testimony "would be much more pragmatically available to the Government than to the defense" but Defendant fails to explain why this assertion is true.  Defendant further asserts that if counsel for Defendant had called Weaver, it arguably would have amounted to ineffective assistance of counsel.  However, at the same time, Defendant suggests that Weaver's testimony would have been unfavorable to the Government.  If Weaver's testimony would have been unfavorable to the Government, would not then the converse be true?  And if the converse were true, that Weaver's testimony would have been helpful to Defendant (since as Defendant suggests her testimony led to a hung jury in the first trial), how could something helpful to Defendant possibly amount to ineffective assistance of counsel?  The Court finds this argument both nonsensical and disingenuous.

"A party can show that an absent witness is effectively within the other party's control, by establishing, for example, that the witness is biased in favor of the opposing party or has some other reason to testify solely on that party's behalf." ***United States v. Keplinger*, 776 F.2d 678, 702 (7th Cir. 1985)**.  A witness who has previously testified in favor of one party, however, is not deemed peculiarly within that party's control, without more.  "On that rationale, any witness who

testified favorably toward the government at grand jury proceedings could later be considered unavailable because he might be unwilling to perjure himself by changing his story in favor the defense.  This argument is quite unpersuasive." *Id.*  The Court will not grant Defendant a new trial on this ground.

**C.  Based on the foregoing, the Court erred in denying Defendant's motions for a directed verdict of acquittal**.

The Court strongly disagrees.  The Government produced more than a sufficient amount of evidence to sustain a conviction of the Defendant.  As previously pointed out, the questions of fact and credibility were for the jury to determine, not the Court.  The case was properly submitted to the jury for their deliberations.  The Court stands by its ruling and the reasoning offered in support thereof.

**D.  Preserving other objections**

In closing, the Defendant stated that "Defendant does not by itemizing the above reasons to grant Defendant a new trial wish to waive any points on appeal which might be contained in or raised by a thorough review of the trial transcript or which might occur at the sentencing hearing." (Doc. 133, p. 2.)  The Government responds that this is an attempt by Defendant to make a blanket objection.  Insofar as this is what Defendant intended, the Government is correct that a party must make a proper objection to preserve an issue for appellate review. ***See United States v. Linwood*, 142 F.3d 418, 422 (7th Cr. 1998)**.

## V. Conclusion

For the foregoing reasons, the Court **DENIES** Defendant's motion for new trial. (Doc. 133.)

**IT IS SO ORDERED.**

Signed this 14th day of August, 2007.

/s/        David   RHerndon
**United States District Judge**